UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOUR EDDINE ELASALI,<br><br>                    Plaintiff,<br>  vs.<br><br>SUN DIEGO, et. al.,<br><br>                    Defendants. | CASE NO. 07-CV-2272 W (JMA)<br><br>**ORDER (1) GRANTING IN FORMA PAUPERIS STATUS (Doc. No. 6.); (2) DENYING MOTION TO APPOINT COUNSEL (Doc. No. 8.)** |

On December 3, 2007 Plaintiff Nour Eddine Elasali ("Plaintiff"), proceeding *pro se*, filed a complaint against Defendants Sun Diego, et. al. alleging employment discrimination. The same day, Plaintiff moved for leave to proceed *in forma pauperis* (IFP) and requested appointment of counsel. On December 6, 2007 the Court denied Plaintiff's IFP request without prejudice, denied Plaintiff's counsel request as moot, and dismissed Plaintiff's Complaint. (Doc. No. 4.)

On January 11, 2008 Plaintiff filed a First Amended Complaint along with an amended motion for leave to proceed IFP and a new motion for appointment of counsel. (Doc. Nos. 5, 6, 8.) For the following reasons, the Court **GRANTS** Plaintiff's amended IFP request and **DENIES** Plaintiff's motion for appointment of counsel. (Doc. Nos. 6, 8.)

Dockets.Justia.com

## I. PLAINTIFF MAY PROCEED IN FORMA PAUPERIS

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), rev'd on other grounds, 506 U.S. 194 (1993) ("[28 U.S.C. §] 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948); see also Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) ("the filing fee, while discretionary, should not take the prisoner's last dollar." [citations]). Rather, to satisfy the requirements of 28 U.S.C. § 1915(a), an affidavit need only state that one cannot "because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins, 335 U.S., at 339. At the same time, however, the court must "assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984).

Although the Court denied Plaintiff's first IFP request based on, in part, his low expenses relative to his then-stated earnings, Plaintiff has since clarified his financial picture. Plaintiff is currently unemployed, no longer works for himself, has no savings, and lists a 20 year-old Winnebago (in which he lives) as his only significant asset. Because Plaintiff claims that he has only $327 left to his name, the Court will not take his last dollar to pay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP. However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. **This includes any recovery Plaintiff may realize from this suit or others, and any assistance Plaintiff may receive from family or government.**

///

///

## II. PLAINTIFF IS NOT ENTITLED TO APPOINTMENT OF COUNSEL

There is no constitutional right to appointed counsel in employment-discrimination cases. See Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). District courts have discretion, however, to appoint counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(B); Brown v. Cont'l Can Co., 765 F.2d 810, 814 (9th Cir. 1985). In exercising that discretion, the court must consider three factors: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." Bradshaw v. Zoological Soc'y, 662 F.2d 1301, 1318 (9th Cir. 1981).

As mentioned above, Plaintiff's financial resources, or lack thereof, are such as to satisfy the first factor. However, Plaintiff has not demonstrated that he has diligently pursued efforts to secure counsel. Plaintiff alleges that he spoke with a single attorney over a number of months, who eventually referred his case to someone else. (*Pl.'s Mot.* 3.) Although Plaintiff lists four other attorneys who have represented him in the past, Plaintiff appears to have made no efforts to secure counsel through these familiar channels. (*Id.* 4.)

Moreover, Plaintiff does not demonstrate that his claim is likely to succeed on the merits. First, Plaintiff characterizes his action as one seeking relief for harassment and wrongful termination, but states that the EEOC thought he had a disability claim instead. (*Pl.'s Mot.* 4.) Secondly, Plaintiff alleges in a very general fashion that Defendants insulted him, called him names, interfered with his work, and made hate remarks about his religion and national origin. (*First Amended Complaint* 2.) Such vague, inconsistent, and conclusory allegations do not convince the Court that Plaintiff has a meritorious claim for relief. Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's request to proceed IFP

and **DENIES** Plaintiff's motion for appointment of counsel. (Doc. Nos. 6, 8.) If at any time in the future it appears that Plaintiff no longer qualifies under 28 U.S.C. § 1915 for relief from the $350 filing fee, the Court shall direct Plaintiff to pay the fee to the Clerk of the Court.

In conclusion:

1. Plaintiff's First Amended Complaint filed on January 11, 2008 shall serve as the operative Complaint in this case.

2. The United States Marshal shall serve a copy of the Complaint filed on January 11, 2008 and an accompanying Summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

3. Defendant shall respond to the Complaint within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

4. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every *additional* pleading (other than the Complaint) or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendant or Defendant's counsel and the date of service. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a Certificate of Service will be disregarded by the Court.

**IT IS SO ORDERED.**

DATED: January 18, 2008

Hon. Thomas J. Whelan

|   |   |
|---|---|
| 1 | United States District Judge |