FILED

08 JUL -3 PM 4: 07

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOUR EDDINE ELASALI,<br><br>                            Plaintiff,<br>vs.<br><br>SUN DIEGO, et. al.,<br><br>                            Defendants. | CASE NO. 07-CV-2272 W (JMA)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** (Doc. No. 17) |

On January 11, 2008 Plaintiff Nour Eddine Elasali ("Plaintiff"), appearing *pro se*, commenced this action against Defendants Sun Diego, et. al. ("Defendants") alleging employment discrimination, harassment, wrongful termination and interference with civil rights. (Doc. No. 5.) Pending before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction. (Doc. No. 17.) The Court takes the matter under submission and without oral argument. See S.D. Cal. Civ. R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendants' motion and **DISMISSES** Plaintiff's First Amended Complaint ("FAC"). (Doc. No. 17.)

///
///
///
///
///

## I. BACKGROUND

Plaintiff Nour Eddine Elasali is a California citizen and former employee of Defendant Sun Diego. (*First Amended Complaint* [hereinafter *FAC*] ¶¶ 1, 4.) Defendant Sun Diego is California corporation which apparently runs bus charter services in and around San Diego county. (FAC ¶ 2.)

On January 11, 2008 Plaintiff filed his FAC against all Defendants alleging employment discrimination, harassment, wrongful termination and interference with civil rights. (Doc. No. 5.) Plaintiff premised federal jurisdiction on diversity, 28 U.S.C. § 1332, and alleges that the amount in controversy exceeds $50,000. (FAC ¶ 2.)

On June 3, 2008 Defendants moved to dismiss the FAC for lack of subject matter jurisdiction. (Doc. No. 17.) On June 13, 2008 Plaintiff opposed the motion. (Doc. No. 18.) On June 23, 2008 Defendants submitted their Reply Brief. (Doc. No. 19.)

## II. Discussion & Legal Standard

Defendants argue that because complete diversity of parties does not exist, Plaintiff cannot predicate federal jurisdiction on diversity, 28 U.S.C. § 1332. (*Defs.' Mot.* 2.) Plaintiff, in response, asks the Court to "look at the [FAC] as a whole" and requests a period of jurisdictional discovery.

Pursuant to 28 U.S.C. § 1332(a), the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between (1) Citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state as plaintiff and citizens of a state or of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction exists only when there is complete diversity, i.e., none of the defendants is a citizen of the same state as any of the plaintiffs. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). That is, diversity jurisdiction is lacking if any plaintiff and any defendant are citizens of the same state. Strawbridge v. Curtiss, 7 U.S. 267

(1806). A corporation shall be deemed a citizen of any state by which it has been incorporated and of the State where it has its principle place of business. 28 U.S.C. § 1332(c)(1).

Here, Plaintiff alleges that he is a California citizen and also alleges that Defendant Sun Diego is a California corporation. Therefore, on its face, the FAC cannot predicate jurisdiction on 28 U.S.C. § 1332 because complete diversity does not exist between the parties. Although Plaintiff asks the Court to view the FAC "as a whole," alleging the proper basis for jurisdiction is fundamental to invoking the power of the Court.

The Court also denies Plaintiff's request for jurisdictional discovery because Plaintiff does not specify what type of information he needs from Defendant in order to establish that diversity jurisdiction exists.[1] Plainly, where a California plaintiff sues a California business, federal jurisdiction cannot be predicated on 28 U.S.C. § 1332—no amount of discovery can change this.

Finally, the Court finds that any delay in noticing the motion has not prejudiced Plaintiff. Defendant only filed and served the motion to dismiss a day late, and the instant issues are not especially complicated, fact-intensive, or time consuming.[2] Although Plaintiff complains about slow service to his P.O. Box, that is the only method of service he has provided to Defendants and the Court. So long as a serving party follows the relevant Local Rules for service by mail, that party cannot be held responsible for slow delivery. Accordingly, the Court **GRANTS** Defendants' motion to dismiss for lack of subject matter jurisdiction and **DISMISSES** Plaintiff's FAC. Should Plaintiff wish to file another complaint amending his jurisdictional allegations

---

[1] For instance, Plaintiff does not argue that he needs discovery to prove that Sun Diego is a corporation incorporated under the laws of a different state.

[2] Defendants argue that they "filed the motion by the date required." (*Defs.' Mot.* 2.) Defendants are wrong. To ensure that litigants are serious about establishing a hearing date, Chambers policy is to not calendar a motion unless a party is ready to file and serve that motion within three business days. In no way does this policy abrogate or modify the Southern District of California's "twenty-eight day rule" for filing noticed motions. See S.D. Cal. Civ. R. 7.1(e)(1).

or providing another basis for federal jurisdiction, he may do so by **August 1, 2008**.

IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss for lack of subject matter jurisdiction because complete diversity does not exist to support jurisdiction under 28 U.S.C. § 1332. Thus, the Court **DISMISSES** Plaintiff's FAC. Should Plaintiff wish to file another complaint amending his jurisdictional allegations or providing another basis for federal jurisdiction, he may do so by **August 1, 2008**.

IT IS SO ORDERED.

Dated: July 3, 2008

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California